IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

CHARLES H. SIMMONS,                                                                              PLAINTIFF
ADC # 135731

v.                                                 4:25CV00545-JM-JTK

MONI STINYARD, et al.                                                                          DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition ("Recommendation") has been sent to United States District Judge James M. Moody, Jr. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

I.     **Introduction**

Charles H. Simmons ("Plaintiff") is in custody at the Cummins Unit of the Arkansas Division of Correction ("ADC"). He filed this pro se action under 42 U.S.C. § 1983 against Cummins Unit officials Moni Stinyard, Latoya Trotter, Demetro S. Lewis, and B. Jones (collectively, "Defendants"). (Doc. No. 1). Plaintiff also filed a Motion to Proceed In Forma Pauperis ("IFP Motion"), which the Court granted. (Doc. Nos. 3, 4). The Court must screen Plaintiff's claims pursuant to the Prison Litigation Reform Act ("PLRA") and in forma pauperis statute.

**II.     Screening**

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).   The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).    Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim.   See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."   Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).    In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.   Haines v. Kerner, 404 U.S. 519, 520 (1972).   The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.   Denton v. Hernandez, 504 U.S. 25, 32 (1992).

**III.    Facts and Analysis**

Plaintiff sued Defendants in their personal and official capacities.  (Doc. No. 1 at 1-2). Plaintiff's statement of claim reads in its entirety:

> On Jan. 30, 2024, I Charles Simmons just got out the shower, but around 8:45 a.m. Lt. Moni D. Stinyard was doing her rounds in Mod 3.  I was sitting down on another inmate's rack talking when Lt. Stinyard came to us.  She then told me to stand up so which I did and went to my rack to put on a shirt but she said the reason why she came over because my eyes was red glazed.  So where wrote me up for 02-2 (under the influence).   She stated when she ordered me to stand up I began to

stumble which is a lie, words were shared which is all a lie, she never drug tested me for any drugs. No video footage was taken for they safed so she lied again. On Nov. 12, 2024, I Charles Simmons just came from the bathroom in Mod. 3 which I note Sgt. B. Jones and Co I Stevensen came in and placed me in hand restraints because I was leaning over on my rack to fix me something to eat. But they say my eyes were red and glazed and I had slurred speech, so Sgt. Latoya Trotter wrote me up for 02-2 (under the influence) who wasn't around but her supervisor Lt. Stinyard told her to write it up. On Sat. March 8, 2025 I was written a disciplinary by Sgt. Demetro S. Lewis of violation Rule 02-2 of being (under the influence). I just got off work in the kitchen from which chemicals was being used to clean the grill and after leaving work I went to my barrack and ended up passed out in the bathroom. I wanna get them and none did drug tests and all of them officers just lied just to get me because of Lt. Moni Stinyard and it's in my jacket that I got red eyes glazed. I take artificial tears drops each eye three times daily given to me by Cummins Unit Medical Dr.

(Id. at 4-5).

Plaintiff seeks damages and injunctive relief. (Id. at 5).

A.     **Official Capacity Claims**

Plaintiff sued Defendants in their personal and official capacities seeking damages and injunctive releif. "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010). Accordingly, Plaintiff's official capacity damages claims against Defendants are the equivalent of claims against the state of Arkansas and are barred by Eleventh Amendment. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989).

The Eleventh Amendment does not bar prospective injunctive relief. Pursuant to Ex Parte Young, an individual may sue a state official in his or her official capacity for prospective injunctive relief to remedy ongoing violations of federal law. Ex Parte Young, 209 U.S. 123, 149-50 (1908). But to establish liability in an official capacity suit under § 1983, even in connection with a request for injunctive relief, a plaintiff must demonstrate that a defendant took action

3

pursuant to an unconstitutional policy or custom. Hood v. Norris, 189 F. App'x 580 (8th Cir. 2006) (internal citation omitted).

Plaintiff's official capacity claims for injunctive relief can proceed only if a Defendant acted unlawfully and his or her actions were pursuant to an ADC policy or practice. As explained below, Plaintiff's claims against Defendants in their personal capacities fail to state a claim on which relief may be granted. Without unlawful conduct by a Defendant, Plaintiff's official capacity claims fail.

### B.      Personal Capacity Claims

Plaintiff brought his claims fall under 42 U.S.C. § 1983. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Parrish v. Ball, 594 F.3d 993, 1001 (8th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)). Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983. See Iqbal, 556 U.S. at 678.

Plaintiff alleged that Defendants filed a false disciplinaries against him. (Doc. No. 1 at 4-5). But a false disciplinary, without more, does not rise to the level of a constitutional violation. Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989). As a result of the disciplinary, Plaintiff lost his class and good time days and seeks to have both restored. (Doc. No. 1 at 5). But Plaintiff does not have a protected liberty interest in his classification or good time days. Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Portley–El v. Brill, 288 F.3d 1063, 1065–66 (8th Cir. 2002). Alternatively, restoring Plaintiff's good time could change the duration of Plaintiff's term of

imprisonment. Consequently, Plaintiff's request to have his good time restored is barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).

For the reasons explained above, Plaintiff's Complaint should be dismissed without prejudice for failure to state a claim on which relief may be granted.

## IV. Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1. This action be DISMISSED without prejudice for failure to state a claim on which relief may be granted.

2. The Court recommend[1] that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an <u>in forma pauperis</u> appeal from any Order adopting these recommendations and accompanying Judgment would not be taken in good faith.

Dated this 17th day of July, 2025.

                                                                              JEROME T. KEARNEY
                                                                              UNITED STATES MAGISTRATE JUDGE

---

[1] The number of strikes a plaintiff has accrued may be determined only by looking backwards to past dismissals; 28 U.S.C. § 1915(g) leaves the effective decision to the later tribunal. <u>Gonzalez v. United States</u>, 23 F. 4th 788, 789-91 (8th Cir. 2022).

[2] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."